THE ILLINOIS STATE BOARD OF DENTAL EXAMINERS

*v.*

THE PEOPLE *ex rel.* John M. Cooper.

*Filed at Ottawa September 26, 1887.*

| 123 | 227 |
|---|---|
| 176 | 581 |
| 78a | 589 |
| 123 | 227 |
| 93a | [1]442 |
| 123 | 227 |
| 192 | [2]231 |
| 123 | 227 |
| 102a | [3]616 |
| 102a | [1]617 |
| 123 | 227 |
| 114a | [1]312 |

1.   MANDAMUS—*to control the exercise of a discretionary power.*   While it is true that *mandamus* will not lie to compel the performance of acts or duties which necessarily call for the exercise of judgment on the part of the officer or body at whose hands their performance is required, yet if a discretionary power is exercised with manifest injustice, or such discretion is grossly abused, or exercised from selfish and unworthy motives, the courts are not precluded from commanding its due and proper exercise.   Such abuse of discretion will be controlled by *mandamus*.

2.   A public officer or inferior tribunal may be guilty of so gross an abuse of discretion, or such an evasion of positive duty, as to amount to a virtual refusal to perform the duty enjoined, or to act at all in contemplation of law.   In such case, *mandamus* will afford a remedy.   The discretion vested in official bodies must not be exercised arbitrarily, for the gratification of feelings of malevolence, or for the attainment of merely personal and selfish ends, but for the public good, and should be controlled by an honest judgment, and not by passion or prejudice.

3.   SAME—*State Board of Dental Examiners—mandamus to compel them to issue a license.*   The State Board of Dental Examiners, on the application of a graduate of a dental college for a license, have no discretion as to any other matter than the character of the college issuing the diploma, as to its being reputable or not.   When they have decided that such college is reputable, their judicial or discretionary power is exhausted, and the duty to issue the license becomes a mere ministerial one, and its performance may be enforced by *mandamus*.

4.   STATE BOARD OF DENTAL EXAMINERS—*of their powers and duties in the matter of granting or refusing licenses.*   On the application to the

State Board of Dental Examiners for a license to practice dental surgery by a graduate of a dental college, the board have a right to decide whether the college at which the applicant has graduated is reputable or not; but they must decide that question upon just and fair principles, and not upon motives of self-interest, to crush out a rival college to the one in which they are interested as members of its faculty.

5. Where a regular graduate of a dental college applies to the board of dental examiners for a license to practice dentistry, the only question for them to determine is, whether such college is reputable or not; and the law clothes them, and no other body, with the power to decide the question. They can not delegate their discretionary power to an organization beyond the limits of the State.

6. Same—*what is a "reputable dental college."* The court are not prepared to hold that a dental college which requires a preliminary examination before admitting students to matriculation, and which requires students before graduation to attend upon two full regular courses of lectures and practical instructions, each to be of not less than five months' duration, and to be held in separate years, with practical instructions intervening between the courses, as required by the State Board of Dental Examiners, may not in other respects lack some of the elements which make such an institution reputable,—as, where it may have examinations and lectures of an inferior character, and may be under the charge of inferior instructors.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. Lorin C. Collins, Judge, presiding.

The following petition for *mandamus* was filed in the circuit court of Cook county:

Your petitioner, the People of the State of Illinois, on the relation of John M. Cooper, respectfully shows unto your honor that relator is a resident of the city of Chicago, county of Cook and State of Illinois, and is a citizen of said State, of lawful age.

Relator further shows, that having selected the practice of dentistry and dental surgery as his profession and life work, in order to fit and prepare himself for said profession and work, he did, on or about the — day of November, A. D. 1884, enter and matriculate as a student in the Chicago College of Dental Surgery, an institution situated in the said city of Chicago, organized for the purpose of and engaged in educating persons

who might become students therein in the theory and practice of dentistry and dental surgery; that relator remained as such student in said college, and diligently prosecuted his studies therein throughout the whole course of instruction, of not less than five months, given by said college during the years 1884 and 1885, and that during the summer and fall of 1885 he was engaged in receiving practical instruction in dentistry and dental surgery, up to the time of entering as a student the dental college hereinafter named.

Relator further shows, that on, to-wit, the 2d day of November, 1885, he entered the Northwestern College of Dental Surgery, and matriculated as a student therein; that said last named institution was then and is now an institution organized for the purpose of and engaged in educating persons who become students therein, in the theory and practice of dentistry and dental surgery, and was duly incorporated and organized under the laws of the State of Illinois, October, 1885, and is now, and has been since its organization, a reputable dental college, duly authorized by the laws of this State, in which there was, at the time of the issue of the diploma to relator, as hereinafter mentioned, annually delivered a full course of lectures and instruction in dental surgery, not less than five months in length.

Relator further shows, that he attended, regularly and faithfully, said last mentioned college, as a student therein, during the one full, regular course of instruction held and given in said last mentioned college during the years 1885 and 1886, which course was of not less than five months duration; that relator thus completed two regular, full five months courses of instruction in the practice of dentistry and dental surgery, one in each of said colleges, said courses being had in separate years, with practical instruction intervening between the two courses.

Relator further shows, that on certification and proof of the above facts the said Northwestern College of Dental Surgery

graduated your petitioner in due form on the 3d day of April, 1886, and thereupon, to-wit, on the day and year last aforesaid, a diploma was issued to your petitioner by the faculty of said Northwestern College of Dental Surgery, duly certified by the signatures of the members of the faculty of said college, and the officers thereof, conferring upon petitioner the title and degree of Doctor of Dental Surgery.

Relator further shows, that the said Northwestern College of Dental Surgery has in all respects complied with the requirements of the laws of the State relating to and regulating the practice of dentistry in the State of Illinois, and has in all respects complied with the rules and regulations adopted and established by the State Board of Dental Examiners of the State of Illinois, and is in all respects a reputable dental college, and has been decided to be entitled to be recognized as reputable by the said State Board of Dental Examiners, by strictly complying with the standing rule of said State Board of Dental Examiners, which was adopted by said board in September, 1884, and has been since June, 1885, and still is, the rule of said board for the recognition of dental colleges as reputable, which rule is as follows:

"*Resolved,* that after June, 1885, the Illinois State Board of Dental Examiners will recognize as reputable only such dental colleges as require, as a requisite for graduation, attendance upon two full, regular courses of lectures and practical instruction, which courses shall each be of not less than five months duration, and shall be held in separate years, with practical instruction intervening between the courses. Such colleges must also require a preliminary examination before admitting students to matriculation, provided that no certificate from a high or normal school, or other literary institution, is presented by the candidate."

Relator avers that the said Northwestern College of Dental Surgery has, from its organization and during the time your relator was a student therein, strictly and entirely complied

with all and each of the requirements of said rule, and was so complying with the same at the time the diploma was issued to relator, and that by virtue of said compliance, and by virtue of the terms of said standing rule, the said college has been recognized by the said State Board of Dental Examiners as a reputable dental college, and was so recognized at the time of the presentation to said board of the diploma of relator, as hereinafter set forth, and still is so recognized.

Relator further shows to the court, that desiring to engage in the practice of his profession of dentistry, he afterward, to-wit, on or about the 11th day of May, 1886, presented his said diploma so received from the faculty of the said Northwestern College of Dental Surgery, duly authorized, to the Illinois State Board of Dental Examiners, at a regular meeting of said board held in the city of Rock Island, Illinois, on or about the 11th day of May, 1886, and tendered to said board a fee of one dollar, as provided by law, and demanded that said board issue to him, the relator, a license to practice dentistry in the State of Illinois, as provided by law.

Relator further shows to the court, that it was the duty of said Board of Dental Examiners, upon the presentation of said diploma and the tender of the fee of one dollar, as aforesaid, to said board by said relator, and the demand as aforesaid, to ascertain, if it was not already informed, whether the said Northwestern College of Dental Surgery had complied with the above mentioned rule of said board as to recognition, as being reputable, and finding that it had so complied, and was under said rule to be recognized by said board as reputable, as aforesaid, to issue to relator a license to practice dentistry in the said State of Illinois, but that said Board of Dental Examiners, not regarding their duty in this behalf, thereupon, to-wit, on the day and year last aforesaid, refused and neglected to issue to relator a license to practice dentistry in this State, and have continually refused, and still do refuse, to issue to relator such license.

Your relator further shows, that after waiting for his license for a reasonable time after making application therefor in the manner aforesaid, he afterward, to-wit, on the 25th day of May, 1886, wrote to George H. Cushing, secretary of the said Illinois State Board of Dental Examiners, and inquired why his license had not been issued, to which inquiry he received reply, of which the following is a copy:

"ILLINOIS STATE BOARD OF DENTAL EXAMINERS,
CHICAGO, *May 26, 1886.*
"Dr. J. M. COOPER:

"*Dear Sir*—In reply to y'rs of 25th, I would say that the matter of issuing a license on your diploma from the Northwestern College of Dental Examiners was referred to the National Association of Dental Examiners, which will meet in August. Until their decision I can not issue any license.

"Resp'y y'rs,                  GEO. H. CUSHING,
*Sect. Ill. St. Bd. Den. Exs.*

"P. S. I return herewith the $1.—G. H. C."

Relator shows that the said Board of Dental Examiners not only refused to issue to him the license to which he was entitled, and returned to him the dollar paid by him to said board for such license, as required by law, but voluntarily assumed to refer the application of relator to a so-called National Association of Dental Examiners for decision, as to whether relator could have license to practice dentistry in the State of Illinois, which he has, by law, a right to, thus unlawfully, willfully and designedly usurping powers not given said board by law, and neglecting, failing and refusing to perform the duty imposed by law upon said board, in reckless disregard of the rights of relator, and of their obligations to the people of the whole State.

Relator further shows, that the said so-called National Association of Dental Examiners is, as your relator is informed and believes, a mere voluntary association of men, who meet,

in convention at Saratoga, in the State of New York, in August next; that it is composed mostly of men residing outside of the State of Illinois, and is clothed with no executive or legal power to decide upon the rights of relator, or anyone else, to a license to practice dentistry in the State of Illinois; that in pretending and assuming to refer the question to a voluntary and irresponsible body of men outside the State of Illinois, clothed with no legal power, said State Board of Dental Examiners refused to perform the functions of the office for which said board was created, and for which said board was constituted and appointed.

Relator further shows, that after the above described action was taken by the board, he employed an attorney to bring suit for *mandamus* against said Board of Dental Examiners, to compel them to issue to your relator his license to practice dentistry in the State of Illinois, which he was entitled to by law, and that his attorney was preparing a petition for that purpose, when the State Board of Dental Examiners, by and through a written official communication signed by the secretary of said board, notified relator's attorney that if he would wait before commencing a suit for *mandamus* a reasonable time, the said board would call a meeting as soon as practicable, and would issue to relator a license to practice dentistry in the State of Illinois, as aforesaid, and repeated said promise to issue said license as soon as they could have a meeting, both to relator and his attorney; and that relator's attorney did wait, as requested by said board, for it to have a meeting and issue said license, as the board had promised and were required by law to do, and that said board held a meeting as promised, in the city of Chicago, in said State, on the 24th and 25th of June, A. D. 1886, and instead of issuing said license to relator, as promised, the said board refused to issue such license to relator, and falsely and fraudulently pretended then to find that said Northwestern College of Dental Surgery was not a reputable college.

And relator avers, that said last mentioned action of the board was not taken as the deliberate judgment of the board, after due inquiry as to whether said dental college was reputable or not, and was not based upon proper evidence to that effect, but such action was taken arbitrarily, with the wicked and malicious design, solely, of depriving relator of the license and right to practice dentistry in the State of Illinois, on account of the malice of the members of said board toward the relator, because he had left the said Chicago College of Dental Surgery, after attendance there of one course, and had graduated at the said Northwestern College of Dental Surgery, and for the further wicked and malicious design of injuring the said Northwestern College of Dental Surgery, and preventing it from getting patronage, by arbitrarily and wickedly refusing to license its graduates, because of such malice and hatred of said Board of Dental Examiners, being hereinafter fully set forth.

Relator further shows, that at the time of the refusal of said board to issue license to relator, the said board well knew that the said Northwestern College of Dental Surgery was a reputable dental college, duly organized under the laws of the State of Illinois, and well knew that said college had fully complied with the rule adopted by said board for the recognition of dental colleges as reputable by said board, and well knew that said board had already recognized said dental college as being reputable.

Relator further shows, that the said State Board of Dental Examiners consists, by law, of five persons, and that the persons composing said board at the time of refusing to issue said license, and now, were and are as follows: G. V. Black, A. W. Harlan, Homer Judd, C. A. Kitchen, and George H. Cushing, and that four of the five members of said board, to-wit, G. V. Black, A. W. Harlan, George H. Cushing and C. A. Kitchen, are interested in and connected with the said Chicago College of Dental Surgery, either as members of the

faculty of or instructors in the same; that the said Chicago College of Dental Surgery is an older dental college in the city of Chicago than the said Northwestern College of Dental Surgery, from which petitioner graduated and received his said diploma, the said last mentioned college having organized as such only in 1885; that the two colleges aforesaid are rivals and competitors for patronage of students, and reputation as institutions for teaching dentistry and dental surgery, and that the said State Board of Dental Examiners is entirely under the control of the said Chicago College of Dental Surgery, and four-fifths of said board belonging to said Chicago college, the said board is determined, if possible, to cripple and destroy the said Northwestern college, and for that reason are willing to abuse, and in the acts above mentioned have shamefully abused, their power as such officers and members of such State board, to protect the college to which they belong from competition, and to destroy and cripple a rival.

And relator charges the fact to be, that the said State Board of Dental Examiners, controlled by the said Chicago College of Dental Surgery, intend and design, by their action in refusing a license to relator, not only to prevent relator from practicing his profession, for which he has, at great expense of time and money, fitted himself, and which he is lawfully entitled to practice, but also to hinder, cripple and destroy the successful operation of the said Northwestern College of Dental Surgery, by unlawfully and maliciously witholding from its graduates license to practice dentistry in the State of Illinois, thus deliberately abusing the powers in them vested, and prostituting them to the malicious design and purpose, as relator verily believes, of destroying and crushing out an honorable rival, which, in all its appointments and requirements for dental education, is just as reputable and complete as is the Chicago College of Dental Surgery, which the said board is thus wrongfully endeavoring to protect,—all of which the said board and the members thereof well know.

Relator therefore distinctly charges, that said State Board of Dental Examiners, in total and reckless disregard of the duties of their office, refuse to perform the duties which they are required by law to perform; that they have, so far as relator's rights are concerned, endeavored to evade the performance of their duties by pretending to shift the performance of those duties upon a voluntary association outside the State, and that the said board has, in the actions aforesaid, deliberately, wantonly and recklessly and maliciously abused the power and discretion in it vested by law, and still continues so to do, in flagrant and outrageous disregard of relator's rights, and the rights of the People of the State.

Relator further shows, that he has, at great expense and in the manner aforesaid, qualified himself for the practice of said profession; that he has spent much time and money in such preparation, and desires to make it his life profession, and that he depends upon the same for a living, and that by the failure and refusal of said Board of Dental Examiners to so issue and grant relator a license to practice dentistry, as aforesaid, he, the relator, has been prevented from practicing dentistry in this State, as he is lawfully and by right entitled to do, and still is so prevented; that he is a citizen and resident of, and desires to remain in, the State, and follow the practice of dentistry, for which he has prepared himself.

Relator further shows, that the questions here presented not only involve the individual rights of the relator, which are of grave importance to him, but the right of dental colleges other than the said Chicago College of Dental Surgery, to which four out of five of said board belong, to exist and be recognized as reputable, after complying with all the provisions of the law of the State and the rules established by the said State board, and also the right of the whole State to have the said State Board of Dental Examiners perform their duty and issue license to applicants who come within the law and the rules established by said board, without arbitrarily, unlawfully and maliciously

referring the rights of citizens to irresponsible, self-constituted associations outside of the State, and unknown to any of the provisions of our laws.

Wherefore, being without other adequate legal remedy, relator makes the said Illinois State Board of Dental Examiners, and each member thereof, to-wit, G. V. Black, A. W. Harlan, Homer Judd, C. A. Kitchen and George H. Cushing, parties defendant to this petition, and prays for the People's writ of *mandamus,* directed to said board and each member thereof, commanding them to forthwith receive from relator the fee of one dollar, which is hereby tendered as required by law, and upon proof of the diploma of relator being presented to the said board, to issue to relator a license, in the usual form, to practice dentistry and dental surgery in the State of Illinois.

John M. Cooper.

Subscribed and sworn to.

A general demurrer was filed to this petition by the respondent. The circuit court overruled the demurrer and, respondent electing to stand by the demurrer, judgment was rendered in accordance with the prayer of the petition. The Appellate Court affirmed the judgment of the circuit court. The case is brought here by appeal from the Appellate Court.

Mr. George Hunt, Attorney General, and Mr. Sidney C. Eastman, for the appellant:

The demurrer only admits the facts well pleaded. The petition does not show that the board decided the college to be reputable, but whether it was right or wrong in deciding it was not reputable, it exercised a power which the courts can not usurp.

When a duty is not specific, but general, depending on judgment or discretion, *mandamus* does not lie to compel its performance. *St. Clair County* v. *People,* 85 Ill. 398; *People* v. *Dental Examiners,* 110 id. 180; *Judges* v. *People,* 18 Wend. 92; *People* v. *Common Council,* 78 N. Y. 33.

The old strictness of the pleading required in *mandamus* has not been changed.   High, 464.

It is a strictness of allegation which must be of the certainty which is classed as that of the second degree, viz., the certain intent in general.   1 Chitty's Pl. 234.

The fact should be stated so distinctly and clearly that the respondent may either admit or deny them, so that issue may be found on the facts alleged, as the foundation for relator's claim to relief.   High, 450.

The petition must show, on its face, a clear right to the relief demanded by the relator.   Petitioner must distinctly set forth all the material facts on which he relies, so that the same may be admitted or denied.   If the right is doubtful, it will be refused.   *People* v. *Davis*, 93 Ill. 133; *People* v. *Mayor of Chicago*, 51 id. 17; *People* v. *Railroad Co.* 55 id. 110; *City of Ottawa* v. *People*, 48 id. 223; *Canal Trustees* v. *People*, 12 id. 254; *People* v. *Klokke*, 92 id. 138.

Petitioner must show he has a clear legal right, and that the denial of the right affects his pecuniary interest.   *People* v. *Masonic Association*, 98 Ill. 636; *Zanone* v. *Mound City*, 103 id. 553.

Mr. JOHN M. HAMILTON, for the appellees:

It was decided in *People* v. *Dental Examiners*, 110 Ill. 180, that the statute vests the State board with a discretion to determine what dental colleges are "reputable," within the meaning of the law, which can not be controlled by *mandamus*.  We ask for the writ in this case on other grounds, as follows:

The board may exercise its discretion in any reasonable manner it may see fit, and in this case it did exercise its discretion by the adoption of a general rule as to what dental colleges would be recognized as reputable, and the board must treat all colleges alike which comply with that rule, and must issue license to their graduates when application is made according to law.

The board can not arbitrarily refuse to license graduates who come from colleges that have fully complied with the rule laid down by the board.

The court will not grant the writ where a matter is left to the discretion of an individual or body of men, which discretion has been exercised in accordance with reasonable rules or practice, and no ground appears that it has been done wrongfully. It must, however, be clearly understood, that although there may be discretionary power, yet if it be exercised with manifest injustice, the court is not precluded from commanding its due exercise, the jurisdiction, under such circumstances, being clearly established. Tapping on Mandamus, 66; *Arberry* v. *Beavers,* 6 Texas, 457.

The discretion vested can not be exercised arbitrarily, for the gratification of feelings of malevolence, or for the attainment of merely personal and selfish ends. It must be exercised for the public good, and should be controlled by judgment, and not by passion or prejudice. When a discretion is abused and made to work injustice, it is admissible that it shall be controlled by *mandamus. Village of Glencoe* v. *People,* 78 Ill. 389.

Abuse of discretion, even in courts, will be controlled by *mandamus.* Moses on Mandamus, 55, 56.

Courts will not interfere with the exercise of a discretionary power, unless it appears that such discretion has been abused. Wood on Mandamus, 64. See, also, to the same effect, *People ex rel.* v. *Perry,* 13 Barb. 206.

The defendants, composing the State Board of Dental Examiners, refused to perform the duties of their office imposed by law, and attempted to evade the same when the relator applied for license, and it should therefore be compelled by *mandamus* to perform its duty.

If the petition contains irrelevant or argumentative matter, that can only be reached by special demurrer, in which the defects must be minutely set forth. *People ex rel.* v. *Holden,* 91 Ill. 451.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a petition for *mandamus,* in which the relator prays that the Illinois State Board of Dental Examiners may be commanded to issue to him a license to practice dentistry and dental surgery in the State of Illinois.

The statute, under which the petition is filed, and which defines the powers and prescribes the duties of the State Board of Dental Examiners, is "An act to insure the better education of practitioners of dental surgery and to regulate the practice of dentistry in the State of Illinois," approved May 30, 1881, in force July 1, 1881. (Hurd's Rev. Stat. 1885, chap. 91, p. 816.) The sixth section of this act is as follows: "Any and all persons, who shall so desire, may appear before said board at any of its regular meetings and be examined with reference to their knowledge and skill in dental surgery, and if the examination of any such person or persons shall prove satisfactory to said board, the board of examiners shall issue to such persons as they shall find from such examination to possess the requisite qualifications, a license to practice dentistry in accordance with the provisions of this act. But said board shall, at all times, issue a license to any regular graduate of any *reputable* dental college without examination, upon the payment by such graduate, to the said board, of a fee of one dollar. All licenses issued by said board shall be signed by the members thereof, and be attested by its president and secretary; and such license shall be *prima facie* evidence of the right of the holder to practice dentistry in the State of Illinois." The first section of the act provides, "that it shall be unlawful for any person, who is not at the time of the passage of this act engaged in the practice of dentistry in this State, to commence such practice, unless such person shall have received a diploma from the faculty of some *reputable* dental college duly authorized by the laws of this State, or of some other of the United States, or by the laws of some

foreign country, in which college or colleges there was at the time of the issue of such diploma, annually delivered a full course of lectures and instruction in dental surgery," etc.

In *The People ex rel. Sheppard* v. *State Board of Dental Examiners,* 110 Ill. 180, we held that the act did not specifically define what was a reputable college, and that it was left to the discretion and judgment of the board to determine what was a reputable college. In that case the *mandamus* was refused on the general ground, that the writ will not lie to compel the performance of acts or duties, which necessarily call for the exercise of judgment and discretion on the part of the officer or body at whose hands their performance is required.

But if a discretionary power is exercised with manifest injustice, the courts are not precluded from commanding its due exercise. They will interfere, where it is clearly shown, that the discretion is abused. Such abuse of discretion will be controlled by *mandamus.* A public officer or inferior tribunal may be guilty of so gross an abuse of discretion or such an evasion of positive duty, as to amount to a virtual refusal to perform the duty enjoined, or to act at all in contemplation of law; in such a case *mandamus* will afford a remedy. Tapping on Mandamus, 66 and 19; Wood on Mandamus, 64; *Com'rs of the Poor* v. *Lynah,* 2 McCord, (S. C.) 170; *The People* v. *Perry,* 13 Barb. 206; *Arberry* v. *Beavers,* 6 Texas, 457.

In *Village of Glencoe* v. *The People,* 78 Ill. 382, we said: "The discretion vested in the council can not be exercised arbitrarily for the gratification of feelings of malevolence, or for the attainment of merely personal and selfish ends. It must be exercised for the public good, and should be controlled by judgment and not by passion or prejudice. When a discretion is abused and made to work injustice, it is admissible that it shall be controlled by *mandamus.*"

In the present case the demurrer admits all the allegations of the petition to be true. It will be necessary to examine those allegations to see if they show any abuse of discretion

on the part of the board, or any unjust exercise of the discretionary power vested in it.

The petition alleges, that the relator complied with the requirements of the statute and with the rule of the board adopted in September, 1884. That rule is as follows:

"*Resolved,* that after June, 1885, the Illinois State Board of Dental Examiners will recognize as reputable only such dental colleges as require, as a requisite for graduation, attendance upon two full, regular courses of lectures and practical instruction, which courses shall each be of not less than five months duration, and shall be held in separate years, with practical instruction intervening between the courses. Such colleges must also require a preliminary examination before admitting students to matriculation, provided that no certificate from a high or normal school, or other literary institution, is presented by the candidate."

On November 4, 1884, the relator matriculated as a student in the Chicago College of Dental Surgery, with which four of the five members of the appellant board are alleged to be connected as instructors or members of the faculty, and pursued his studies there during a period of not less than five months in 1884 and 1885. During the summer and fall of 1885 he received practical instruction in dentistry and dental surgery. On November 2, 1885, he matriculated as a student in the Northwestern College of Dental Surgery, which gives such lectures and instructions as are required by the above rule, and attended therein as a student during one course of instruction of not less than five months in the years 1885 and 1886. A diploma was issued to him by the last named college on April 3, 1886. On May 11, 1886, he presented this diploma to the State Board of Dental Examiners, at a regular meeting thereof, and tendered his fee of one dollar, and demanded a license. The board has refused to issue the license.

The petition avers, that the board so refused to give him a license through malice, because he left the Chicago college,

in which four members of the board are interested, and graduated at the Northwestern college. It also avers, that the two colleges are rivals for the patronage of students, that the board is under the control of the Chicago college and determined to break down the Northwestern college, and that the refusal to issue the license springs from a determination to protect their own college from competition.

If these averments are true, the members of the State board are abusing their discretion and making an unjust use of it. They have a right to decide whether the college, at which an applicant for license has graduated, is reputable or not. But they must decide that question upon just and fair principles. The discretion, with which they are vested, was conferred upon them in the interest of the public and to protect the people from unskillful and uneducated practitioners of dentistry. If four of the five members, which compose the board, are instructors in a particular college, and if they are making use of their power under the State law to build up their own institution and crush out its rival, they are acting from motives of self-interest and not in the interests of the public. It can not be tolerated that licenses should be withheld for any such unworthy reasons. Inasmuch as the board has elected to stand by the overruled demurrer to the petition, we are bound to assume, that the statements of the petition are true.

Again, the relator says in his petition, that, after his application on May 11, 1886, he wrote on May 25 to the secretary of the board and inquired why a license was not issued to him. On May 26, the secretary wrote in reply, returning the one dollar, and saying: "The matter of issuing a license on your diploma from the Northwestern College of Dental Surgery was referred to the National Association of Dental Examiners, which will meet in August. Until their decision I can not issue any license." It appears that the association here referred to is composed, for the most part, of men living outside of this State,

and that its meeting "in August" was to take place in the State of New York.

When a regular graduate of a dental college applies to the board of examiners for a license, the only question for them to determine is whether the college, at which the applicant graduated, is reputable or not. The law clothes them, and no other body, with the power to decide this question. They can not delegate their discretionary power to an organization beyond the limits of the State. By the letter of the secretary the board declined to perform the duty imposed upon it by the Illinois statute, and announced its intention of referring the question of issuing a license to a foreign association.

After this announcement, upon being threatened with a *mandamus* proceeding, the board, in an official communication signed by its secretary, promised the relator's attorney that, if he would wait a reasonable time, it would call a meeting and would issue to the relator the license which he demanded. The meeting was held on June 25, 1886, but the license was refused. When the board promised to issue a license, it must have been of the opinion that the relator was entitled to it, and they could not have considered him entitled to it unless they regarded the college at which he had graduated as reputable.

It is claimed by counsel for appellee that the board, by adopting the above rule, has exercised its discretion in determining what is a reputable dental college; that any college, which insists upon such requisites for graduation as the rule prescribes, must be recognized by the board as a reputable college, and that, as the Northwestern college has brought itself within the requirements of the rule, the board has no discretion about admitting its graduates. On the other hand, counsel for appellant insists, that, while no colleges, which fail to comply with the rule, will be regarded as reputable, yet the board would have a right to demand other requisites than those specified in the rule before deciding a college to be reputable.

We are not prepared to hold, that a dental college, which requires a preliminary examination before admitting students to matriculation, and which requires students before graduation to attend upon two full regular courses of lectures and practical instructions, each to be of not less than five months' duration and to be held in separate years with practical instructions intervening between the courses, may not in other respects lack some of the elements, which make such an institution reputable. "Reputable," according to Webster's definition, means "worthy of repute or distinction," "held in esteem," "honorable," "praiseworthy." A college might have examinations and lectures and instructions of such an inferior character and under the direction of such inferior instructors, that it would be unworthy of praise and undeserving of esteem.

But the petition in this case alleges that the Northwestern college has been recognized by the board of examiners as a reputable dental college and was so recognized when the relator presented his diploma.

As the board did not refuse to grant the license on the ground that the Northwestern college was not reputable, but refused such license on other grounds as stated in the petition, it will be presumed that the members regarded that college as reputable. They had no discretion as to any other matter than the character of the college issuing the diploma, as to its being reputable or not reputable. When that matter was decided and out of the way, their judicial or discretionary power was exhausted. The duty to issue the license was then a mere ministerial one, and its performance could be enforced by *mandamus*.

We think that the allegations of the petition, considered as a whole, warranted the issuance of the writ of *mandamus*.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*