## Charles Van Dorn v. Henry. Anderson.

1. Mandamus—*when, does not lie against superintendent of schools.* The courts will not interfere by mandamus with the exercise by a superintendent of schools of a discretionary power, judicial in nature, unless the same appears to have been grossly abused, exercised through selfish and unworthy motives, or unless there appears to be such an evasion of positive duty as to amount to a virtual refusal to act.

2. Mandamus—*when, lies against superintendent of schools.* Mandamus lies against a superintendent of schools to perform a duty merely ministerial in character.

3. Mandamus—*when, lies against superintendent of schools.* Mandamus lies against a superintendent of schools to compel him to correct a certificate issued to a person found to be qualified to teach so that the same will conform to the facts.

Mandamus proceeding. Appeal from the Circuit Court of Sangamon County; the Hon. James A. Creighton, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed January 6, 1905.

Perry & Morgan, for appellant.

Shutt & Graham and Hamilton & Catron, for appellee.

Mr. Justice Puterbaugh delivered the opinion of the court.

This is a petition by appellee for a writ of mandamus to be directed to appellant, as superintendent of schools of Sangamon county, commanding him to change the date of a teacher's certificate issued by him to appellant, so that the same would correspond to the true date of its issuance. A demurrer to the petition was filed and overruled. The defendant then pleaded to the same. Upon the hearing the trial court found the issues for the petitioner and ordered that a writ issue forthwith, commanding the defendant that he correct the certificate in question, which bore the date of July 1, 1901, so that it would show upon its face the date of September 1, 1902, from which order the defendant appeals.

The petition avers that petitioner had taught in the common schools of Sangamon county for many years prior

to July, 1902, under divers first-grade certificates issued to him by the county superintendent after due examination; that the last of said first-grade certificates expired July 2, 1902; that on September 1, 1902, he applied to the defendant for a first-grade certificate and was then ready to submit himself to an examination; that the defendant thereupon granted to him a first-grade certificate, dated July 1, 1901; that petitioner did not at that time notice the date thereof, but that when he did, he afterwards, on August 24, 1903, requested the defendant to change the date of the certificate to that upon which it was actually issued; that the defendant refused so to do, whereby the petitioner was prevented from teaching in said county from September 1, 1903, until September 1, 1904.

The facts, briefly stated, are substantially as follows: In the year 1899, the defendant, as county superintendent, after a written examination as to his qualifications, issued to the petitioner a first-grade certificate. When the same had expired, on July 1, 1901, without further examination, he issued to him another, but dated the same back to July 2, 1900. During June, 1902, before the certificate had, according to its date, expired, the petitioner requested the defendant to correct the date of this certificate so that it would bear the true date of its issuance, viz.: July 2, 1901.

Upon the refusal of the defendant so to do, petitioner on September 1, 1902, applied for a new certificate, whereupon, without further examination, the defendant issued to him a new certificate, again dating the same back one year, viz.: July 2, 1901. The petitioner claims that he failed to discover that the certificate had been dated back, until April, 1903. During the latter part of August of that year he again applied to the defendant and requested that he correct the date of this last-mentioned certificate so that it would bear the true date of its issuance. Upon the refusal of the defendant this suit was instituted.

The material facts involved, and which are set forth in the foregoing statement, are uncontroverted. The issues involved are of law only, and must be determined by refer-

ence to the statute entitled "Schools," which prescribes the powers and duties of county superintendents relative to the granting and renewal of certificates to teach schools. Section 3 of article 7 of such statute provides that it shall be the duty of the county superintendent to grant certificates to such persons as may, upon due examination, be found qualified; that such certificates shall be of two grades; that those of the first grade shall be valid in the county for two years and shall certify that the person to whom the certificate is given is of good moral character and qualified to teach certain subjects therein specified. Said section further provides that the county superintendent may, at his option, renew said certificates at their expiration by his endorsement thereon. Rev. Stat. 1903, 1683.

Section 13 of article 2 of said statute makes it the duty of each county superintendent to grant certificates of qualification to such persons as may be qualified to receive them, as provided in section 3 of article 7 (Ibid., 1654), while section 14 of the same article provides that the county superintendent shall have power to renew teachers' certificates at their expiration by his endorsement thereon. Ibid., 1654. By virtue of the foregoing sections, a county superintendent has power, and it is his duty, to determine whether or not the person examined is qualified to teach, the grade of certificate to which he is entitled, and upon the expiration of a certificate whether or not it shall be renewed. These questions are by the statute submitted to the decision of the superintendent. The act of ascertaining and determining what are the requisite facts upon which his action must be predicated, is in its nature judicial, involving investigation, judgment and discretion. With the exercise of such discretionary power the courts are precluded from interfering, unless the same be grossly abused, or exercised from selfish and unworthy motives, or there is such an evasion of positive duty as to amount to a virtual refusal to perform the same, in which event such abuse of discretion or failure to act will be controlled by mandamus. People v. Dental Examiners, 110 Ill. 180; Dental Examiners v. Peo-

Van Dorn v. Anderson.

ple, 123 Ill. 227. But when such superintendent has once determined that the applicant is qualified to teach, and the grade of certificate to which he is entitled, or that he is entitled to a renewal of a certificate theretofore granted, his discretionary or judicial powers are exhausted. The resultant duty to issue a certificate to that effect or to endorse a renewal upon a former certificate, being imperative, specific, well-defined, and not requiring the exercise of judgment or discretion, is ministerial merely, and the performance of such duty may, upon his neglect or refusal to act, be coerced by a peremptory writ of mandamus. Dental Examiners v. People, *supra*. We think it is also true that where a certificate, although upon its face in accordance with the statute, fails correctly to state the true date of its issuance, or is in any particular false, untrue or erroneous, mandamus will lie to compel either the issuing by the superintendent of a true and correct certificate, or the correction of the one already issued, so that it will correctly and truly state the facts. The certificate sought to be corrected by the proceeding at bar, recites that appellant had examined appellee upon the subjects therein named, and such as are mentioned in the statute; that he was satisfied that appellee was a man of good moral character, and that his qualifications were such as to entitle him to such certificate. It further recites that it is a certificate of the first grade and is valid in the county for a term of two years from the date thereof. Assuming that the recitals of the certificate were true, and we think that appellant is clearly estopped to deny that they were, it became, and was, the duty of appellant, under the statute, to issue to appellee a certificate to teach schools, as of the first grade, valid in the county of Sangamon for the period of two years from the actual date upon which he was found qualified to do so.

It is not controverted that appellee made application for the certificate on September 1, 1902; that the same was granted and, as a matter of fact, issued upon that day, or that it was dated back to July 1, 1901. The action of appellant in thus antedating the certificate was without legal

justification and unwarranted, no matter what his motive may have been. The certificate in question being the only evidence appellee possessed or could obtain as to his right to teach, he was entitled to have it show such authority for the full term provided by the statute for a first-grade certificate. By the arbitrary, unauthorized and illegal act of appellant, appellee was deprived of such evidence, and thereby rendered unable to exercise his profession in Sangamon county for a longer period than nine months from the day upon which he was declared to be qualified to teach. He thereby lost a valuable property right, to regain which the remedy by mandamus was properly invoked.

The propositions of law submitted by appellant were in direct conflict with the law governing the questions involved, and hence were properly refused.

.The judgment will be affirmed.

*Affirmed.*