Forrest Gustafson and Arthur Sandquist, Appellees, v. Wethersfield Township High School District 191 et al., Appellants.

Gen. No. 9,851.

Opinion filed April 28, 1943. Rehearing denied June 23, 1943.

LEONARD D. QUINN, THOMAS J. WELCH and VERA M. BINKS, all of Kewanee, for appellants.

JAMES B. YOUNG and GREGG A. YOUNG, both of Kewanee, for appellees.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

Appellant High School District, and the Galva Community High School District, are both situated in Henry county. Appellees live in appellant district. They each have a child attending the Galva Community High School. This action arises by a petition for writ of mandamus brought by appellees against appellant district and the members of its board of education, to compel them to approve an application for transfer of appellees' children from appellant High School District to the Galva Community High School District.

A board of education of a high school district is a public municipal corporation, and as such, a part of the machinery of government. Its functions are public in character. *People v. Camarga Community Consol. School Dist. No. 158,* 313 Ill. 321, 324. While powers of such boards are limited to those granted or such as necessary to make effective granted powers, yet there are many questions of policy for the determination of the boards of education. It is generally considered that they have a wide discretion in matters pertaining to the management of schools. And as a general proposition, courts will not interfere unless there has been such an abuse of discretion that its action appears arbitrary and discriminatory. *Segar v. Board of Education, Rockford School Dist.,* 317 Ill. 418, 422; *People v. City of Chicago,* 278 Ill. 318; *Powell v. Board of Education,* 97 Ill. 375; *Wilson v. Chicago Board of Education,* 233 Ill. 464.

Since the public educational interest and school affairs in school districts are placed under the control and management of school directors or other school officers, it is necessary that a broad discretion be accorded such officers in order that the authority vested in them may be efficiently and effectively exercised. Although their authority is not without limit, yet a wide range of judgment and discretion must be vested in such officers in the matter of government and details of conducting the schools. In view of these conditions, the courts will not ordinarily interfere by mandamus to direct or control the exercise of their powers or authority so long as the same are not unreasonable, arbitrary or discriminatory.

Not all the duties they are called upon to perform however, are of that character. Like other officers, they are charged with many duties which do not rest in judgment or discretion and which they may be compelled to perform, and thus their refusal to act in such matters, when it is their duty to act, may be considered ministerial in character, and they may be compelled to act by mandamus, even though the manner in which they are to decide the particular issue may rest within their judgment and discretion.

In this case, appellees allege that they filed written application with appellants for transfer of their children from appellant district to the Galva Community High School, after first securing the approval of the county superintendent of schools to such transfer. It is further alleged that appellants have failed and refused to take any action with respect to appellees' applications. It appears from the testimony of appellee Gustafson, that he attended a session of appellant board where the matter of his application for transfer of his son was discussed. He states that no action was taken relative thereto, and it appears the board of appellant district has continued in its refusal to act upon such petition, either in granting or denying same.

The petition in this case asks that a writ of mandamus issue directing appellants to approve the applications for transfer of the children, from the appellant high school district to the Galva Community High School District. The trial court ordered the writ to issue, commanding appellants as members of the board of education of appellant district to approve such applications.

The action is brought under section 104 of the School Act (ch. 122, sec. 104, p. 2888, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 123.111]). It will be observed this section provides that a high school pupil, upon the approval of the county superintendent of schools, may attend a high school in a district other than that in which he resides, when such district is more convenient. It will be further observed that before such pupil may attend a high school in another district, such transfer must be approved by the board of education of the high school district in which the student resides.

It cannot be assumed that this section of the statute is self-executing, or that the mere approval of the county superintendent of schools will serve to complete the transfer of a student thereunder. The approval of the board of education of the high school district in which the student resides is a prerequisite to his transfer under such section. Had the legislature intended the approval of the county superintendent of schools should be sufficient, it would not have provided that the approval of the board of education of the district in which the student resided should be necessary for a transfer.

To approve means to pronounce good or proper, and where such transfers are by statute required to be approved by the board of education, it means more than a mere ministerial approval. It carries with it the exercise of judgment and discretion. This is the manifest intent of the statute. It is generally considered that when the approval of a distinct officer or

body of officers is made necessary to validate, con-
it is the intention of the legislature that such officer or
summate or make effective by law the act of another,
board of officers should be vested with the option and
discretion to sanction officially or disapprove the act
submitted to him or them. This situation involves the
exercise of discretion and adjudication. This is the
manner in which we find the word approved used in
section 104 of the School Act. We are not of the
opinion its use there is such as to impose a mere min-
isterial duty on the part of appellant board.

The word approve or approval is considered to
mean to sanction officially. The very act of approval
implies the exercise of judgment and discretion and
final affirmative action, unless otherwise limited by the
context of the statute. (Words and Phrases.) From
the context of the statute involved, we are of the opin-
ion the approval of the board of education of the dis-
trict in which the pupil resides, is not such as to render
the action of the board merely ministerial in character,
but that it clearly implies an independent exercise of
judgment and discretion on the part of such board.

The fact that appellant board has failed to act with
reference to appellee's applications for transfer of
their children, does not permit the court to act for
such board in the original instance. As members and
officers of such board of education, it is their legal duty
to take action upon the applications of appellees.
However, it is not the function of a court in the first
instance to adjudge how such board shall act. It is
only that it is its legal duty to act. A court cannot
judicially anticipate that appellant board will act un-
reasonably, arbitrarily or unjustly. Until the board
has acted on the applications of appellees, the question
of whether it has exercised its judgment and discre-
tion in an unreasonable and arbitrary manner in pass-
ing upon such applications, or has been guilty of abuse
of power with respect to its disposition of the same,

is not before the court for judicial determination. Until such time may arise, the court should not order appellant board to act upon the applications and also adjudicate the manner in which the board shall act. The exercise of this right first rests with the board, and until it appears that such power has been abused by arbitrary and discriminatory action, the function of the board will not be interfered with. *Segar v. Board of Education, Rockford School Dist., supra; Rothschild v. Village of Calumet Park,* 350 Ill. 330, 343.

Mandamus will issue to compel the exercise of a discretionary duty or power, but not the way in which such officer or officers shall exercise his or their discretion.

We consider the only thing at this time which concerns us, is the duty of appellants to act.

The judgment of the trial court awarding the writ directing appellants to approve the applications, is reversed and the cause remanded for such further proceedings as the parties may elect to take, consonant with the views hereinabove expressed.

*Reversed and remanded.*