People of State of Illinois ex rel. Eben J. Irish et al., Petitioners-Appellants, v. Board of Education of Community Unit School District No. 175, Mc-Donough and Hancock Counties, Illinois, a Municipal Corporation; Lindsey George Metcalf et al., as Members of Board of Education of Community Unit School District No. 175, McDonough and Hancock Counties, Illinois, Defendants-Appellees.

Gen. No. 10,013.

Third District.

July 29, 1955.

Released for publication August 16, 1955.

Ezra J. Clark, and James F. Scott, both of Canton, for petitioners-appellants.

Harris & Harris, of Macomb, for defendants-appellees.

MR. JUSTICE CARROLL delivered the opinion of the court.

At a special election called by the Board of Education of Community Unit School District No. 175, in McDonough and Hancock Counties, three propositions were submitted to the voters of said District. These propositions were: (1) for the purchase of an additional school site, (2) for building a new school building, and (3) for the issuance of bonds in the amount of $515,000 for the purpose of purchasing an additional schoolhouse site and building a new school building.

All 3 of these propositions were carried at the election but by extremely narrow margins.

On February 8, 1954, a petition to contest the results of said election was filed in the Circuit Court of

Hancock County. A hearing on this petition resulted in a finding and an order that a majority of the votes cast in the election were in favor of each of the 3 propositions and that the same were duly carried.

On June 10, 1954, the Board of Education, at a regular meeting, adopted a resolution abandoning the building program embraced within the 3 propositions as submitted at the special election. This resolution recites a finding by the Board pursuant to a study of the needs of the District, that it was not for the best interests of the District to purchase the additional site, build a new school building and issue bonds for such purposes, and that it was not necessary or for the best interests of the School District that any of said propositions be acted upon or carried out. The resolution further recites that in view of such findings and the changed conditions in the District and the closeness of the vote at said election, the proposed building program should be abandoned.

Following the adoption of the resolution, petitioners, as residents and electors of the said School District brought the instant proceeding for a Writ of Mandamus to compel the Board of Education to proceed with the building program in accordance with the propositions carried at the election.

By stipulation, petitioners admitted the adoption of the resolution by the defendant Board of Education but denied that said adoption was in the proper exercise of the powers of said Board. By further stipulation, the cause was submitted on the complaint, answer and stipulation.

The Court denied the Writ and entered judgment for defendants, and petitioners have appealed.

The single issue to be decided on this appeal is whether the Board of Education is vested with discretionary authority to abandon the building program approved by the voters in the special election.

Determination of this issue rests on the construction placed upon Sec. 7—17, Chap. 122, Ill. Rev. Statutes 1953 [Jones Ill. Stats. Ann. 123.847], which enumerates certain powers conferred upon Boards of Education. The portion of said Section with which we are concerned, reads in part as follows:

"To buy or lease one or more sites for schoolhouses, with necessary ground, and to purchase, build or move a schoolhouse, but shall not purchase a schoolhouse site, or purchase, build or move a schoolhouse, unless authorized by a majority of all votes cast on the proposition at an election called for such purpose by the board. . . ."

Petitioners contend that the above statutory provision is to be interpreted as meaning that when the majority of electors of a School District by a majority vote, approve a proposition to purchase a site and build a schoolhouse, such authorization imposes upon the Board of Education the mandatory duty to proceed to carry out the program embraced within such proposition.

It is the well-established rule that a Writ of Mandamus will only lie to compel the performance of a specific legal duty. People v. Webb, 256 Ill. 364.

It therefore becomes necessary to determine whether it is the clear legal duty of the defendants to do or perform that which petitioners seek to compel them to do.

In the School Code there appears to be a definite distinction made between the powers and the duties of the Board of Education. Section 7-7 of the School Code [Ill. Rev. Stats. 1953, ch. 122, § 7—7; Jones Ill. Stats. Ann. 123.837] provides that:

"The board of education has all the duties of school directors as set forth in Article 6, is subject to the same limitations, and in addition thereto, has the duties enumerated in Sections 7—8 to 7—13, inclusive."

Section 7–14 of the School Code [Ill. Rev. Stats. 1953, ch. 122, § 7—14; Jones Ill. Stats. Ann. 123.844] provides that:

"The board of education has all the powers of school directors as set forth in Article 6, is subject to the same limitations, and in addition thereto has the powers enumerated in Sections 7—15 to 7—22, inclusive."

Among the enumerated powers in said Sections are those pertaining to the purchasing of sites for and the building of schoolhouses which appear in Section 7–17 of the Code and herein above recited.

■ ■ Granting as it does to Boards of Education the general power to provide schoolhouses for a School District subject to authorization by the electors of the District, this Section indicates an intention on the part of the Legislature to clothe such Boards with discretion in the matter of execution of such power. By this Section the power of the Board to act is in no manner circumscribed nor is the mode of execution of such power prescribed. The requirement that the permissive power not be exercised without authorization by a majority of the electorate of the District, does not impair such power. The power of the Board to build schoolhouses was conferred upon it by the Legislature and is not derived from the vote of the electorate of the District. Smith v. Board of Education of Oswego Community High School Dist., 405 Ill. 143. Therefore the approval of a proposition for a building program by a majority vote of the electorate cannot be said to constitute a mandate imposing a duty upon the Board to carry out such program. If the Legislature had intended that this power of the Board, contained in Section 7–17 of the School Code, is subject to being transformed into a mandatory duty to act without judgment or discretion, an expression of such intention would be found in the Code.

Petitioners cite the case of Kiehna v. Mansker, 178 Ill. 15, and contend that it is decisive of the issue in-

volved herein. However, in that case the Court dealt with an entirely different statute and one which pertained to the powers of School Directors not Boards of Education. The statute under consideration in the Kiehna case provided that the site selected by the voters "shall be the schoolhouse site for such District." The Court there held that since the voters had selected a site as provided by the statute, the School Directors were without power to annul the action of the voters by calling another election to vote upon building on a different site.

The Section of the School Code under consideration and the question arising thereunder as presented by the instant appeal, bears no similarity to that considered by the Court in the Kiehna case. Here the Board of Education seeks not to substitute its judgment for the expressed will of the voters but merely to abandon a building program which it deemed not to be in the best interest of the School District. The defendants here are not charged with attempting to extend or enlarge their powers.

We find no decision of the Courts which might be followed in the interpretion of that Section of the School Code which is here involved. However, we are of the opinion that as applied to the facts in this record, such Section plainly vested in defendants the discretion to abandon the building program outlined in the proposition submitted to the voters of the District. The abandonment resolution recited the reasons which moved defendants to adopt the same. In the absence of a showing to the contrary, it is not for this Court to say that the discretion exercised was lacking in wisdom and not for the best interests of the School District which the defendants govern. It would seem that the issuance of a Writ of Mandamus in this case would amount to an attempt by a Court to prescribe a general course of official conduct for the defendants. Mandamus will not issue for such purpose.

■ Since we hold that defendants were vested with discretion to abandon the proposed building program, interference with the decision of the defendants would not be warranted unless it appears that such discretion was abused. Jobson v. Northfield Tp. High School Dist. No. 225, Cook County, 345 Ill. App. 439; Gustafson v. Wethersfield Tp. High School Dist. 191, 319 Ill. App. 255. The petitioners make no contention that the action of defendants constituted an abuse of discretion but they seek reversal of the trial court's judgment upon the theory that it was the mandatory duty of defendants to proceed to carry out each of the propositions upon which the electors voted favorably.

Since we are of the opinion that the authorization by the electors of the District to proceed with the building program did not impose a mandatory duty upon defendants to do so, the order of the trial court refusing to grant a Writ of Mandamus is affirmed.

Affirmed.