THE PEOPLE *ex rel.* SUE KOLKER, Plaintiff-Appellant, *v.* CLARENCE D. BLAIR, Superintendent of Educational Service Region, *et al.,* Defendants-Appellees.

(No. 71-139; )

Fifth District—October 16, 1972.

Carr & Raffaelle, of East St. Louis, (Rex Carr, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, (Edward Neville, of counsel,) for appellees.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from the dismissal of a *mandamus* action, in which the relator seeks to compel the Superintendent of the Educational Service

Region of St. Clair County to remove four members of the Board of Education of East St. Louis School District No. 189. The relator, a taxpayer and resident of the school district, alleged in her petition that the four school board members had committed specified acts in violation of State law; that the acts constituted willful failure to perform their official duties; and that, even though the Superintendent has been requested and demanded to do so, he has failed to perform his clear duty to remove the board members.

The action was initially brought against the Superintendent as defendant. On January 28, 1971, Judge Lewis granted the plaintiff's motion for leave to add the school board members as parties defendants and took under advisement defendant's motion to dismiss. On February 9, 1971, Judge Lewis filed an opinion and order denying the motion to dismiss, stating, in part:

> "The petition at the very least raises the question of whether or not there has been a clear abuse of discretion, an evasion of a positive duty, or the necessity for the Court to control the exercise of the Superintendent's discretion in a manner consistent with the applicable rule of law."

Defendant-Superintendent subsequently filed an answer, denying the allegations of the plaintiff's complaint. Subsequently, the school board members filed a petition for change of venue and the case was assigned to Judge Dailey. The school board members filed another motion to dismiss, which was granted on March 12, 1971.

The relevant statutes are Ill. Rev. Stat., ch. 122, sec. 3—15, providing that "the county superintendent shall have the powers enumerated in the subsequent sections of this article," and sec. 3—15.5, providing for the power "To remove any member of a school board from office for willful failure to perform his official duties."

The appellant states that it may well be that the superintendent has certain discretion to determine whether or not the school board members did or did not fail to perform an official duty. However, the appellant argues in its brief that, once the superintendent has determined that an official duty has not been performed by school board members, his discretion ceases and he has no choice but to remove the board members. The appellant further argues that, in this case, it alleged that the superintendent "knew that the school board members had refused to perform their official duties" and that "he admits ( by not denying same) that they have failed to perform their official duties." However, nowhere in the pleadings is there an allegation that the superintendent had made any determination that the board members were in willful violation of their official duties. Also, the defendant-superintendent's answer states that he

has no knowledge of the specific allegations of willful violations by board members.

In support of his argument, appellant cites *State Board of Dental Examiners v. People ex rel. Cooper* (1887), 123 Ill. 227, 13 N.E. 201, *Van Dorn v. Anderson* (1905), 117 Ill.App. 618, and *Pyle v. Puntney* (1929), 254 Ill.App. 224. These cases all involve situations in which an official was vested with discretion in making a determination and in which the courts held that, once a decision had been made, the discretionary power was exhausted and the duty to act was ministerial, performance of which could be enforced by *mandamus.*

In the *Dental Examiners* case, the Court held that the petition warranted the issuance of a writ of *mandamus,* commanding the State board to issue petitioner a license to practice dentistry in Illinois. The Court analyzed the nature of the board's duties and held, at 204, that: "They had no discretion as to any other matter than the character of the college issuing the diploma, as to its being reputable or not reputable. When that matter was decided and out of the way, their judicial or discretionary power was exhausted."

In *Van Dorn,* the court affirmed the trial court's issuance of a writ of *mandamus,* requiring the superintendent of schools to change the date of a teaching certificate, holding, at 621:

> "But when such superintendent has once determined that the applicant is qualified to teach, and the grade of certificate to which he is entitled, or that he is entitled to a renewal of a certificate theretofore granted, his discretionary or judicial powers are exhausted. The resultant duty to issue a certificate to the effect or to endorse a renewal upon a former certificate, being imperative, specific, well-defined, and not requiring the exercise of judgment or discretion, is ministerial merely, and the performance of such a duty may, upon his neglect or refusal to act, be coerced by a peremptory writ of mandamus."

The court's decision is based in part of its interpretation of the statute as giving to the superintendent both the power and duty to grant certificates to those qualified to receive them.

In *Pyle,* the court reversed the trial court's sustaining of a motion to dismiss a petition for a writ of *mandamus,* compelling a county superintendent to give his approval for a school transfer for petitioner's son. The petition alleged that the superintendent had made the determination required by statute, but that he had refused to permit the transfer for reasons other than those in the statute. The court summarized its holding, at 233:

> "After * * * the county superintendent had decided that it

was more convenient for appellant's son to attend the Carmi school, then upon coming to such decision the county superintendent's discretionary power was exhausted and his duty to give his approval then became a mere ministerial act, the performance of which in a proper case could be enforced by mandamus."

■■ In these three cases, the courts held that the statutes vested the officials with some discretion, but that, once the discretion was exercised, there remained only a clear duty to act. In the present case, the statutes vest the superintendent with discretion in determining whether the school board members are guilty of willful violation and also in determining whether to remove them. The statutes refer to powers, not duties. There is no legislative history available to evidence the legislature's intent to enacting sec. 3—15.5, but it cannot be said that the legislature intended the superintendent to be required to remove a school board member in the absence of some official determination that he was guilty of a willful violation of an official duty.

■■ In *Gustafson v. Wethersfield Twp. High School Dist.* (1943), 319 Ill.App. 255, 49 N.E.2d 311, the court reviewed the manner in which courts will normally construe powers granted to school officials, stating at 312:

"Since the public educational interest and school affairs in school districts are placed under the control and management of school directors or other school officers, it is necessary that a broad discretion be accorded such officers in order that the authority vested in them may be efficiently and effectively exercised. Although their authority is not without limit, yet a wide range of judgment and discretion may be vested in such officers in the matter of government and details of conducting the schools. In view of these conditions, the courts will not ordinarily interfere by mandamus to direct or control the exercise of their powers or authority so long as the same are not unreasonable, arbitrary or discriminatory."

Using this approach in construing sec. 3—15.5, we conclude that the superintendent is vested with discretion in determining that there has been a willful violation.

However, to interpret the statute in this way does not mean that *mandamus* may not lie under some circumstances. In *People ex rel. Collins v. Young*, (1967), 83 Ill.App.2d 312, 227 N.E.2d 524, the Court affirmed the trial court's issuance of a writ of *mandamus,* compelling the superintendent of schools to define boundaries between two districts. In so holding, the court emphasized, at 526:

"It is apparent also that mandamus will lie to prevent a clear abuse of discretion or to control the exercise of discretion in a

manner consistent with the applicable rule of law, as an exception to the general rule that mandamus may not be employed to compel public officers having discretionary power to act in a particular way."

However, in this case, the petition alleges only that the school board members had committed specified acts and that the superintendent has been requested and demanded to remove the board members and has failed to do so. There is no allegation that the superintendent has failed to make a determination of the alleged charges; or that he has made a determination which is a clear abuse of his discretion.

A similar situation was presented in *Gustafson v. Wethersfield Twp. High School Dist.* (1943), 319 Ill.App. 255, 49 N.E.2d 311, in which the court reversed the trial court's issuance of a writ of *mandamus* to compel defendants to approve an application for transfer of plaintiffs' children. The petition alleged that plaintiffs filed the written application for transfer, after first securing the required approval of the county superintendent of schools, and that the defendants failed and refused to take any action with respect to the application. The petition prayed for a writ of *mandamus* directing defendants to approve the application.

After deciding that the defendants were vested with discretion in deciding whether to approve the application, the court stated, at 313:

"The fact that appellant board has failed to act with reference to appellee's applications for transfer of their children, does not permit the court to act for such board in the original instance. As members and officers of such board of education, it is their legal duty to take action upon the applications of appellees. However, it is not the function of a court in the first instance to adjudge how such board shall act. It is only that it is its legal duty to act. A court cannot judicially anticipate that appellant board will act unreasonably, arbitrarily or unjustly. Until the board has acted on the applications of appellees, the question of whether it has exercised its judgment and discretion in an unreasonable and arbitrary manner in passing upon such application, or has been guilty of abuse of power with respect to its disposition of the same, is not before the court for judicial determination. Until such time may arise, the court should not order appellant board to act upon the applications and also adjudicate the manner in which the board shall act. The exercise of this right first rests with the board, and until it appears that such power has been abused by arbitrary and discriminatory action, the function of the board will not be interfered with. Segar v. Board of Education, supra; Rothschild v. Village of Calumet Park, 350 Ill. 330, 343, 183 N.E. 337.

202

Mandamus will issue to compel the exercise of a discretionary duty or power, but not the way in which such officer or officers shall exercise his or their discretion."

Applying this reasoning to the present case, the petitioner has requested the trial court to order the superintendent to act in a particular way, by removing the school board members. Since there is no allegation in the petition that the superintendent has exercised his discretion, this court cannot judicially anticipate that he will act unreasonably, arbitrarily, or unjustly. Until the superintendent has acted on the charges, the question whether he has exercised his judgment and discretion in an unreasonable or arbitrary manner cannot be before the court.

Accordingly, the judgment of the trial court is affirmed.

Judgment affirmed.

JONES and CREBS, JJ., concur.