THE PEOPLE *ex rel.* Samuel Sucherman, Appellee, *vs.* THE STATE BOARD OF PHARMACY, Appellant.

*Opinion filed October 24, 1916.*

1. PHARMACY—*the presumption of good character continues in favor of the holder of a certificate of pharmacy.* It is clearly the intention of the Pharmacy act that the presumption continues that the holder of a registered pharmacist's certificate is of good moral character, of temperate habits and qualified to hold such certificate until the contrary is made to appear.

2. SAME—*when State Board of Pharmacy cannot deny renewal of certificate.* The State Board of Pharmacy cannot, under the statute, legally deny the renewal of a certificate without positive proof that the applicant is a man of such habits .or character as the statute deems unworthy of such certificate, or that by reason of some fraud on his part the board was induced to find him competent in the first instance when, in fact, he was not competent.

3. SAME—*when a petition for mandamus to renew certificate need not allege continuance in the business.* A petition for *mandamus* to compel the State Board of Pharmacy to renew a certificate need not allege that the applicant had not retired from practice for five years, where the petition alleges that the certificate had been renewed from time to time, and further shows that the applicant had a certificate the previous year.

4. SAME—*when petition for mandamus to renew certificate is sufficient in law.*  Where a petition for *mandamus* to compel the State Board of Pharmacy to renew a certificate negatives all the statutory grounds of disqualification, and shows, in addition thereto, that the relator had been granted other renewals by the board and had a renewal certificate for the previous year, the petition is sufficient, in law, to entitle the relator to the writ.

5. SAME—*when State Board of Pharmacy is presumed to have regarded the applicant entitled to renewal of certificate.*  Where a petition for *mandamus* to renew a certificate shows by positive averment that the State Board of Pharmacy refused to grant the renewal on the ground that the certificate of the relator was found in the possession of another party, there is a presumption that the board regarded the relator as otherwise entitled to a renewal.

6. SAME—*what is not ground for the State Board of Pharmacy to refuse to renew certificate.*  The State Board of Pharmacy can not refuse to renew a certificate merely because the certificate was found in the possession of some person other than the applicant, without showing misconduct on the part of the applicant; and even if the applicant knowingly fails to publicly exhibit his certificate, as required by statute, he is only required to forfeit the statutory penalty, and not his right to continue as a pharmacist, when he has again placed his certificate on exhibition.

APPEAL from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

P. J. LUCEY, Attorney General, (THOMAS J. O'HARE, of counsel,) for appellant.

NICHOLAS PRITZKER, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The relator, Samuel Sucherman, on February 15, 1916, filed his petition for a writ of *mandamus* in the circuit court of Cook county in the name of the People, against the State Board of Pharmacy, in which petition, as finally amended, he charged that at and prior to the first day of January, 1916, he was, pursuant to law in such case made and provided, duly examined and registered as a registered pharmacist by the proper licensing board of the State of Illinois,

and that from time to time he continued to and renewed his license conformably to the statute in such case made and provided. The petition then sets out section 8 of the Pharmacy act, and avers that on or about January 1, 1916, relator, being desirous of renewing his registration in conformity to the provisions of said section, mailed to F. C. Dodds, secretary of the State Board of Pharmacy, a postal money order for the sum of $1.50, with a request that he be furnished with a renewal of his certificate, but that said Dodds, acting for and on behalf of the State Board of Pharmacy, sent him the following letter in reply: "I have your letter of January 8, enclosing postal order for $1.50 for the renewal of your certificate for 1916, which I am returning herewith. I cannot accept this remittance. Your 1915 certificate was suspended by order of the board, and I was directed to not renew it for the current year." The petition further avers that he is now engaged as a registered pharmacist in a drug store in the city of Chicago; that because of the fact that he is not provided with the renewal certificate he is unable to display the same in the drug store with which he is connected, and that because of such failure he is subject to punishment under the Pharmacy act; that he has not been proven to be so addicted to the excessive use of stimulants or other narcotics as to render him unsafe to handle or sell drugs, medicines and poisons and that he has not been proven not to be of good moral character; that he employed Nicholas J. Pritzker as his attorney to obtain such renewal certificate, and that his attorney again tendered the State Board of Pharmacy the sum of $1.50 with a request for a renewal of said certificate, and that his said attorney received in reply to said remittance, from F. C. Dodds, secretary of appellant, a letter dated January 22, 1916, containing the following: "I have your letter of January 15, with the enclosed check for $1.50 for the renewal of the registered pharmacist certificate of Samuel Sucherman. The certificate of Dr. Samuel Sucherman

was suspended because it was found in possession of another party who was representing himself as a registered pharmacist. I am instructed by the board of pharmacy not to renew the certificate and am therefore returning your check."

The court overruled a general demurrer to the petition and ordered the writ issued. The appellant, the State Board of Pharmacy, elected to stand by its demurrer and has prosecuted this appeal.

Section 8 of the Pharmacy act, so far as here material, provides as follows: "All certificates issued by the State Board of Pharmacy shall expire on the thirty-first day of December following the date of the issuance of same. Every registered pharmacist engaged in the active practice of his profession shall annually, during the time he continues in such active practice, pay to the State Board of Pharmacy a renewal fee, to be fixed by said board, but which shall in no case exceed $1.50 if paid between the first day of January and the first day of March of each year. * * * The payment of such renewal fee shall entitle him to a renewal of his certificate. * * * If the renewal fee for any certificate the holder of which is actively engaged in the practice of his profession be not paid by the first day of May of each year, such certificate is hereby declared null and void and the holder thereof may be re-instated as a registered pharmacist * * * only by passing a successful examination before the State Board of Pharmacy. * * * The board of pharmacy may refuse registration, or renewal of certificate to, or may suspend the certificates of registered pharmacists, * * * who are proven to be so addicted to the excessive use of stimulants or narcotics as to render them unsafe to handle or sell drugs, medicines and poisons, or who are proven not to be of good moral character." The said section also provides a penalty of not less than $20 nor more than $50 upon every holder of a certificate of pharmacy who shall refuse or neglect to conspicuously dis-

play the same in the drug store, pharmacy or department to which it applies.

Appellant contends that even though every averment in the petition be true, still appellee might not be entitled to registration and therefore was not entitled to the writ. The reasons assigned for such position appertain to original examinations and registrations and not to applications for renewals of certificates of registration. The allegations in the petition clearly set forth that the relator was, pursuant to said act, prior to January, 1916, duly examined and registered as a registered pharmacist by the proper licensing board of this State, and that from time to time he renewed his license conformably to the statute in such case made and provided,—*i. e.,* that his license as a registered pharmacist had been renewed from time to time. The first letter to the relator by the secretary of the board, which is set forth in the petition, states that the relator's certificate of 1915 was suspended by order of the board. It clearly appears, then, that he had a certificate as a registered pharmacist for the year 1915, which under the act expired December 31 of that year. The State Board of Pharmacy, therefore, under this statute, is presumed to have previously examined the relator under section 4 of the Pharmacy act, and to have found by that examination that he was not less than twenty-one years of age, of good moral character and temperate habits, and possessed all the other requirements, under that statute, to entitle him to such certificate. It is clearly the intention of that act that the presumption continues in favor of the holder of such a certificate that he is of good moral character and of temperate habits and qualified to hold such certificate until the contrary is made to appear against him. This is apparent from the provision of the act that every registered pharmacist engaged in the active practice of his profession shall be entitled to a renewal of his certificate by paying a fee of not to exceed $1.50 if paid between the first day of January and the first day of March of each

year, and the further provision that the State Board of Pharmacy may refuse such renewal certificate, or may suspend it, if the holder thereof be so addicted to the excessive use of stimulants, etc., or if he is proven not to be of good moral character.   The relator complied with all the provisions of the statute necessary to entitle him to a renewal certificate when he tendered his fee as averred in his petition.   The board could not, under the statute, legally deny him a renewal certificate without positive proof showing that he was a man of such habits or character as the statute deemed unworthy of such certificate, or that by reason of some fraud on his part the board was induced to find him to be competent in the first instance when, in fact, he was not competent.

Appellant insists that there is no averment in the petition that the relator was engaged in the active practice of his profession at the time of filing his petition.   The petition positively avers, as above quoted, "that he is now engaged as a registered pharmacist in a drug store in the city of Chicago."   We can imagine no plainer language to express the fact that he was engaged in the active practice of his profession, and appellant must have overlooked that allegation.

It is also argued by appellant that there is no allegation in the petition that the relator had not retired from such active practice for a period of more than five years.   In view of the allegations in the petition that his certificate had been renewed from time to time, and the further showing that he had a certificate in the year 1915, it was not necessary to add to those allegations the further averment that he had not retired from practice for five years, etc.

The appellant had the right to refuse relator's certificate of renewal only on these grounds:   (1) Failure to pay the required fee;   (2) that he had been proven to be so addicted to the excessive use of stimulants or narcotics as to render him unsafe to handle or sell drugs, medicines and

poisons; (3) that he had been proven not to be of good moral character; and (4) that he was not engaged in the active practice of pharmacy. The petition negatived the existence of any and all of such grounds of disqualification, and showed, in addition thereto, that the relator had been granted other renewals by the board and had had a renewal certificate for the previous year, 1915. The petition was therefore sufficient, in law, to entitle the relator to the writ, and the court properly overruled the demurrer.

As the petition showed, by positive averment, that appellant refused to grant the renewal on the ground that the certificate of relator was found in the possession of another party, the presumption would be that appellant regarded relator as otherwise entitled to a renewal. (*State Dental Examiners* v. *People*, 123 Ill. 227.) The statute does not authorize appellant to refuse to renew a certificate merely because the same was found in the possession of some other person. Appellant did not, by its letter or otherwise, undertake to show that the same was in possession of another person through any misconduct of the relator. Even if relator had knowingly failed to publicly exhibit his certificate, as required by the statute, he would only be required to forfeit the statutory penalty, and not his right to continue as a pharmacist, when he again placed his certificate on exhibition as required by law.

The relator was not required to allege in his petition, as insisted by appellant, that he was of good moral character and that he was not addicted to the excessive use of stimulants or narcotics, as by the previous examination by appellant it must have found in his favor on those propositions, and the presumption will continue until the contrary is shown. His allegation in that particular, as above recited, was therefore sufficient.

The judgment is affirmed.    *Judgment affirmed.*