WALDEMAR BREHM *et al.*, Plaintiffs-Appellants, *v.* AMERICAN DENTAL ASSOCIATION, Defendant-Appellee.

(No. 54284;

First District—May 23, 1972.

*Rehearing denied June 20, 1972.*

Morgan, Lanoff, Cook & Madigan, of Chicago, (John A. Cook and Samuel M. Lanoff, of counsel,) for appellants.

Peterson, Lowry, Rall, Barber & Ross, of Chicago, (Owen Rall and Peter M. Sfikas, of counsel,) for appellee.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

The plaintiffs are dentists who have for many years practiced in the State of California. They bring this appeal from a judgment in a declaratory judgment action where it was determined that they did not meet the requirements for listing in the 1968 American Dental Association Directory as Orthodontists. Orthodontics is the "branch of dentistry dealing with the preservation and correction of irregular teeth" [Random House Dictionary, page 1017]. The facts follow.

In 1963, the plaintiffs limited their practice exclusively to orthodontics, and at that time each of them formally announced his limitation to his local dental society which was the local affiliate of the defendant association. In 1961, the House of Delegates of the defendant association had adopted a resolution pertaining to specialization. It provided that after January 1, 1965, all members who had not made a prior ethical announcement regarding a specialty would be required to complete two years of advanced education or possess a state specialty license. Neither plaintiff in this case had the post-graduate requirements and both held general California dental licenses. In 1967, the American Dental Directory, for the first time, included in its specialty section not only members of specialty societies but also those who had made valid ethical announcements before December 31, 1964. On the basis of their 1963 announcements both plaintiffs sought to be listed in the 1968 directory.

In December 1967, plaintiffs received notice that their applications for listing in the 1968 directory would be denied, since the 1963 announcements they had previously made were not ethical in that plaintiffs were not eligible for membership in the American Association of Orthodontists, a professional association independent of and separate from the American

Dental Association which required two years of post-graduate education. On appeal, the plaintiffs raise three points:

1) The American Dental Association cannot delegate its rule-making powers to the American Association of Orthodontists by incorporating the rules of the American Association of Orthodontists into section 18 of the Principles of Ethics of the American Dental Association;

2) the American Dental Association cannot bar the directory listing on the basis of unethical announcement without giving plaintiffs a hearing on the matter, a determination at the local level, an appeal to the Constituent Society [the State society], and an appeal to the Judicial Council of the American Dental Association;

3) the challenge by the American Dental Association to plaintiffs' 1963 announcement is barred by estoppel because the defendant relies on its local societies for contact with its membership, and the directions issued by plaintiffs' respective local societies were fully complied with.

The requirements for listing in the 1968 directory were either diplomate status, a state specialty license, two years of approved advanced education, or an ethical announcement made prior to December 31, 1964. The plaintiffs admit they did not have diplomate status ["a person who * * * has been certified as a specialist by a board within his profession"—Random House Dictionary, page 406]. They also admit that they did not possess a specialty license [there is no special state license for orthodontics in California], and that they did not have two years of approved advanced education. However, each plaintiff claims to have made a valid ethical announcement during 1963.

At the time of plaintiffs' ethical announcements of limited practice, section 18 of the Principles of Ethics provided that a dentist could make an ethical announcement in a specialty area if "he has met the existing educational requirements or standards set by the American Dental Association for members wishing to announce limitation of practice." These requirements were set out in a footnote to section 18, which provided:

"The following are included within the standards of the American Dental Association for determining the educational experience * * *.

(3) The dentist must be a diplomate of a certifying board approved by the American Dental Association for the indicated area of dentistry; *or he must be a member of or be eligible for membership in, a specialty society officially related to a certifying board approved by the American Dental Association for the indicated area of dentistry;* * * *."

(Emphasis supplied.)

■■ The specialty society in plaintiffs' area of dentistry was the Ameri-

can Association of Orthodontists. This Association required as a condition of membership a minimum of two years of post-graduate work. Neither plaintiff claims to have had the requisite two years of post-graduate work or to come within the literal requirements of section 18, when considered together with the footnote to that section. Instead, the plaintiffs urge that the American Dental Association House of Delegates violated its by-laws by delegating its rule-making powers to the American Association of Orthodontists by adopting their admission standards rather than promulgating its own. It appears to us that this was not a delegation of powers, but rather an incorporation by the American Dental Association of the standards of acceptable educational qualifications of the American Association of Orthodontists.

The situation in the instant case is to be distinguished from that in *Garces v. Department of Reg. & Education,* 118 Ill.App.2d 206, relied upon by plaintiffs. In *Garces* it was held that the State Department of Registration and Education unreasonably delegated its power of qualifying dental colleges because it required that the curricula be approved by the American Dental Association or one comparable to the University of Illinois College of Dentistry. The Department enforced these educational requirements without any showing that they were ever reviewed by the Department, or that an entirely different standard might be adopted if the American Dental Association or the University of Illinois were to change their standards. There is testimony in the instant case that the membership requirements of the American Association of Orothodontists was approved by the House of Delegates and that any changes in the requirements of the former would be reviewed and approved by the House of Delegates before they would be enforced.

It further appears that *Garces* was based on State action because the Department of Registration and Education is an agency of the State, while the American Dental Association is a private organization. In the absence of State action the due process arguments upon which *Garces* was founded do not apply.

■■■ The plaintiffs urge that the defendant is estopped from denying the validity of plaintiffs' ethical announcement because from 1963 to 1967 the plaintiffs' announcement was not challenged by either the American Dental Association or its local affiliate. The party claiming an estoppel must have relied upon representations and have had no knowledge or convenient means of knowing the facts. (*Dill v. Widman,* 413 Ill. 448.) The evidence here shows that the plaintiffs' announcement did not conform to the Principles of Ethics as stated in section 18 and the footnote. That footnote is especially explicit and unambiguous. Moreover, the testimony shows that the secretary of the Association's Judicial Council was

available to answer questions regarding the Principles of Ethics. Thus, the requirements for listing ethically and an explanation of the requirements were readily available to plaintiffs. We find no basis here for estoppel.

■■ Plaintiffs urge that the American Dental Association cannot bar them from listing in the directory without hearing and proof, because such a denial would violate the by-laws of the Association. Chapter XI of these by-laws provides a complete system of procedural safeguards for disciplinary hearings involving the professional conduct of members. It does not appear to us that the failure of the Association to list the plaintiffs as orthodontists in the 1968 directory constitutes a disciplinary penalty. There was no sentence of censure, probation, suspension or expulsion of either plaintiff. Instead, there was only a refusal to list plaintiffs in a specialty section of its directory. Since the by-laws provide for safeguards only in cases involving disciplinary proceedings, we find no merit in plaintiffs' contention.

In addition to the defenses set forth, the defendant cross-appealed on the ground that the amended complaint filed after entry of the judgment order does not conform to the proof. In view of our holding, there is no reason to consider the cross-appeal.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

STAMOS, P. J., and LEIGHTON, J., concur.