**Alex B. PONZIO D.D.S., on behalf of himself and for all others similarly situated, Plaintiffs,**

**v.**

**Joan G. ANDERSON, Illinois Department of Registration and Education, Dr. Thomas C. Powell, Dr. Kermitt C. Miller, Dr. Joseph W. Rossa, Dr. Silas Philip Jones, Dr. Santina R. Litturi, Dr. Loretto Joseph Madonia, Dr. C. Kirk Thieben, as members of the Illinois State Board of Dental Examiners a/k/a Examining Committee, and the Northeast Regional Board of Dental Examiners, a corporation, Defendants.**

**No. 80 C 0679.**

United States District Court,
N. D. Illinois, E. D.

Oct. 16, 1980.

---

Anthony F. Spina, Elmwood Park, Ill., for plaintiffs.

Robert Orman, Asst. Atty. Gen., William J. Scott, Atty. Gen., State of Ill., Chicago, Ill., for defendants.

MEMORANDUM OPINION AND ORDER

CROWLEY, District Judge.

Plaintiff, Alex B. Ponzio, unsuccessfully sought licensure for the practice of dentistry in the State of Illinois. In a pending state court action, he is seeking a writ of mandamus compelling the director of the Illinois Department of Registration and Education (Department) to issue him a license. In this case, Ponzio (on behalf of himself and others similarly situated) is seeking injunctive, declaratory and monetary relief because the Department is allegedly denying his rights to due process and equal protection guaranteed by the Illinois and Federal Constitutions. Jurisdiction is invoked under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. §§ 1983 and 1988. The matter is now before the Court on defendants' motion to dismiss.

Under the Illinois Dental Practice Act, Ill.Rev.Stat., ch. 111, § 2202 et seq., the Department is delegated the power and duty to conduct examinations to determine the qualifications and fitness of applicants for dental licenses. § 2207(1). The Department is to exercise this power through an examining committee, composed of members of the profession and the director of the Department. Ponzio alleges that the Department, through the examining committee, has continually utilized an examination that is formulated, administered and graded by the Northeast Regional Board of Dental Examiners, a private corporation. Ponzio further contends that the only involvement of the Department and committee in the examination process is the "mere acceptance of the determinations rendered by [the] private corporation." (Compl. ¶ 10). This abdication of responsibility for and control over the examination is claimed to be "ultra vires conduct" and an "arbi-

trary and capricious abrogation of delegated authority" which violate due process and equal protection rights. (Compl. ¶ 16).

As defendants note, Ponzio nowhere alleges that he has been treated any differently than other applicants. Further, in memoranda he did not attempt to support his equal protection claim. The complaint clearly fails to state a cause of action on that ground.

In regard to the due process argument based on arbitrariness, the Seventh Circuit recently described the limited scope of inquiry here. In *Thompson v. Schmidt*, 601 F.2d 305 (7th Cir. 1979), the court addressed a challenge of the grading methods and procedures for the real estate broker's examination in Indiana. In reversing the district court's finding that the methods were arbitrary, the court stated that it could not

> *substitute its judgment for that of the Commission regarding the type of grading procedures to be followed unless the procedures are so arbitrary as to constitute a violation of due process. The Commission must be recognized as having some expertise in this field and in its choice of the type of grading method to utilize.* 601 F.2d at 310.

Thus, even though the court did not agree with the Commission's methods, it found no constitutional invalidity and the license denial was upheld.

■ In this case, Ponzio has not alleged that the examination is arbitrarily formulated, administered or graded; he merely claims that permitting a professional testing corporation to evaluate dental skills is arbitrary and capricious. In light of the deference which must be given the Department's expertise in this field and the absence of any facts that could support a finding that the Department's use of the examination is arbitrary or capricious, Ponzio has failed to state a cause of action on this basis.

Ponzio's final argument is that the Department has unlawfully sub-delegated its delegated authority to an independent entity. In support of this contention, Ponzio relies on *Garces v. Department of Registration and Educ.*, 118 Ill.App.2d 100, 254 N.E.2d 622 (1969). At issue in that case were the Department's rules defining a reputable dental school. The rules stated that a school is reputable if it has comparable rules and curricula as the University of Illinois, College of Dentistry or if it is one approved by the Council on Dental Education of the American Dental Association. The court held that by using these standards the Department had unreasonably and arbitrarily delegated its statutory duty to define a reputable school in violation of due process rights protected by the Federal and Illinois Constitutions.

■ Although the *Garces* opinion may be a valid interpretation of the Illinois Constitution, its unsupported statement that the Department's action violated the Federal Constitution should not be followed. The court provided no explanation of why federal constitutional rights are violated solely because a state agency improperly delegates some of its duties. It simply concluded that the action was arbitrary and, therefore, apparently violated substantive due process rights. However, the "Due Process Clause imposes only broad limits on the exercise by a State of its authority to regulate its economic life, and particularly the conduct of the professions." *Thompson v. Schmidt*, 601 F.2d 305, 308–09 (7th Cir. 1979) (and cases cited therein). Thus, even if the Department did improperly fulfill its legislative mandate, it is still a state agency regulating a profession and its actions are entitled to broad deference by a federal court. As noted above, Ponzio has not alleged any facts supporting his contention that permitting the Northeast Regional Board to conduct the exam is arbitrary and capricious. Furthermore, this unlawful sub-delegation argument was squarely rejected in *Tabor v. Joint Bd. for Enrollment of Actuaries*, 566 F.2d 705, 708 n. 5 (D.C.Cir. 1977). Therefore, Ponzio has failed to state a cause of action on this basis also.

Accordingly, defendants' motion to dismiss is granted.